UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN H. BEACH,

        Plaintiff,                        Case No. 22-cv-12105
                                            Hon. Matthew F. Leitman

v.

CORIZON,

        Defendant,

_____/

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO WAIVE THE PAYMENT OF THE FILING FEE IN THIS CASE (ECF No. 2), (2) TERMINATING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 4) AS MOOT, AND (3) DIRECTING SERVICE OF THE COMPLAINT**

Plaintiff Benjamin H. Beach is a state inmate confined at the Thumb Correctional Facility in Lapeer, Michigan. On September 7, 2022, Beach filed this civil-rights action against Defendant Corizon pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Beach has also filed a motion to be exempted from paying the filing fee for this action based on the fact he had paid that fee in a previous, identical lawsuit that he had filed against Corizon that was dismissed without prejudice. (*See* Mot., ECF No. 2.) For the reasons explained below, Beach's motion is

1

**GRANTED.**[1]   The Court further **ORDERS** service of Beach's Complaint as directed below.

28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006).  However, a prisoner does not have to pay a second filing fee for refiling a complaint after it was dismissed without prejudice for failure to exhaust administrative remedies. *See id.* at 772-73 ("[W]e hold that when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust […] the prisoner need not pay an additional filing fee").

Here, Beach first filed suit against Corizon in 2021. *See Beach v. Corizon Health, Inc.*, E.D. Mich. Case No. 21-cv-10401.  And Beach paid the $402.00 filing fee in that case. *See id.*  On May 12, 2021, the Court dismissed that action without prejudice because Beach had failed to exhaust his administrative remedies prior to filing his Complaint. *See Beach v. Corizon Health, Inc.*, 2022 WL 1506277, at *1 (E.D. Mich. May 12, 2022).  In its order dismissing Beach's Complaint, the Court

---

[1] Beach has also filed an application to proceed *in formna pauperis* in this action. (*See* Application, ECF No 4.)  Because the Court is granting Beach's motion to waive the payment of the filing fee, it **TERMINATES** Beach's *in forma pauperis* application as moot.

told Beach that if he "re-file[d] his suit against Corizon, he may apply for relief from a second filing fee at that time." *Id.*   Beach has now re-filed his action against Corizon, and he seeks relief from having to pay a second filing fee. (*See* Mot., ECF No. 2.)  Because Beach previously paid that fee in his first action against Corizon, the Court **GRANTS** Beach's motion and **WAIVES** the payment of the filing fee in this action. *See Owens*, 461 F.3d at 772-73.

Beach must now serve the Complaint and a summons on Corizon. *See* Fed. R. Civ. P. 4(c)(1).[2]  The Court is not required to order the United States Marshal to serve the Complaint because Beach is not proceeding *in forma pauperis* under 28 U.S.C. § 1915. *See* Fed. R. Civ. P. 4(c)(3); E.D. Mich. L.R. 4.1(b).  To facilitate that service, Beach must complete a summons for Corizon and submit the completed summons to the Clerk of this Court. *See* E.D. Mich. Local Rule 4.1(a) ("A party requesting the issuance of any process or who initiates a proceeding in which the issuance of process is required by statute, rule, or order must prepare all required forms.  Where necessary, the party must present the process to the Clerk for signature and sealing.").  Upon receipt of the completed summons, the Clerk of the Court will

---

[2] Ordinarily, a plaintiff must serve his or her complaint within ninety days of the date that the complaint was filed.  *See* Fed. R. Civ. P. 4(c)(1), 4(m).  If the plaintiff shows good cause for his or her failure to serve the complaint within ninety days, the court must extend the time for service for an appropriate period. *See* Fed. R. Civ. P. 4(m).

issue the summons and return it to Beach so that he can serve the summons and a copy of his Complaint on Corizon.

For all of the reasons explained above, **IT IS HEREBY ORDERED** that Beach's motion to waive the filing fee (ECF No. 2) is **GRANTED**, Beach's application to proceed *in forma pauperis* (ECF No. 4) is **TERMINATED AS MOOT**, and the filing fee for this action is **WAIVED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a single blank summons to Beach with a copy of this order;

**IT IS FURTHER ORDERED** that Beach shall complete the summons for Corizon and then mail the completed summons to the Clerk of this Court at 231 West Lafayette Blvd., Detroit, MI 48226;

**IT IS FURTHER ORDERED** that, upon receipt of the completed summons, the Clerk of Court shall issue the summons and return it to Beach; and

**IT IS FURTHER ORDERED** that Beach shall serve a signed and sealed summons and a copy of his Complaint on Corizon. within **ninety (90) days** of receipt of the signed and sealed summons from the Clerk of the Court.

s/Matthew F. Leitman
MATTHEW F. LEITMAN

Dated:  October 13, 2022          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan

Case Manager

(313) 234-5126
