UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN HOUGHTON BEACH,

      Plaintiff,

v.

CORIZON HEALTH,
MICHELLE BRAY, N.P.,
KEITH PAPENDICK, M.D.,
CONNIE WHIPPLE, and
KIMBERLY WILLIAMS, R.N.,

      Defendants.
_____/

Case No. 2:22-cv-12105
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**ORDER GRANTING THE CORIZON DEFENDANTS' MOTION TO STAY (ECF No. 53) and DENYING PLAINTIFF'S SECOND MOTION TO EXTEND (ECF No. 62)**

**A.    Operative Pleading**

Benjamin Houghton Beach initiated this lawsuit in September 2022 against Corizon Health and four of its employees regarding events that allegedly took place at either the MDOC's Earnest C. Brooks Correctional Facility (LRF) or the MDOC's Duane Waters Health Center (DWH). (ECF No. 1 ¶ 4.) (*See also* ECF Nos. 15, 16.) The original complaint remains the operative pleading.

**B.    Stay Related to Bankruptcy**

In February 2023, Tehum Care Services, Inc. (TCS) filed a voluntary petition of bankruptcy. *See* Case No. 23-90086 (Bankr. S.D. Tex.). Shortly

1

thereafter, TCS (*d/b/a* Corizon Health, Inc.) filed a suggestion of bankruptcy and notice of automatic stay in the instant matter. (ECF No. 26.) This resulted in multiple stay-related filings and orders in the matter before this Court. (*See*, *e.g.*, ECF Nos. 27, 28, 34, 40, 41; Text-Only Order [June 18, 2024].)

On March 31, 2025, a notice of entry of (I) confirmation order, (II) occurrence of effective date, (III) administrative claims bar date, and (IV) other claims deadlines was filed in the bankruptcy case. (*See* ECF No. 59, PageID.413-416 [ECF No. 2088, *therein*].) (*See also* ECF No. 2096, *therein* [p. 31/255].)

In the instant matter, Plaintiff has filed a copy of his April 25, 2025 "administrative claim holder request for payment of administrative claims against Tehum Care Services, Inc.," the debtor in Case No. 23-90086 (Bankr. S.D. Tex.) (*see* ECF No. 59, PageID.358-367), along with – *inter alia* – its eight exhibits (*see id.*, PageID.369-408), MDOC Disbursement Forms dated April 25, 2025 (*id.*, PageID.409-412), and a proof of claim form executed April 25, 2025 (*id.*, PageID.417-419).[1]

**C.   Corizon Defendants' May 30, 2025 Motion to Stay (ECF No. 53)**

CHS TX, Inc.'s (*d/b/a* YesCare) May 16, 2025 motion in the bankruptcy matter to enjoin Plaintiffs from prosecuting cases against released parties is already

---

[1] The Court has been unable to locate such a filing on the docket of the bankruptcy matter.

part of the record in the instant matter (*see* ECF No. 53-1), and Plaintiff Beach's instant lawsuit is specifically mentioned in Exhibit A (*see id.*, PageID.308).

Currently pending before the Court is the Corizon Defendants' May 30, 2025 motion to stay this action unless the U.S. Bankruptcy Court for the S.D. Tex in *In re Tehum Care Services, Inc.*, Case No. 23-90086 (CML) issues an order permitting the Plaintiff to further prosecute the action. (ECF No. 53.) Plaintiff's response was originally due in July 2025 (ECF No. 54), although the deadline was extended to August 2025 (ECF No. 56). Plaintiff's response – dated July 21, 2025 and post-marked July 22, 2025 – was docketed on August 18, 2025. (ECF No. 58.)

**D.      Developments from August 2025 to December 2025**

Meanwhile, on August 7, 2025, the Court conducted a video status conference, after which the Court entered an order requiring the parties to file certain matters, namely: (1) Plaintiff was to file a claim form; and, (2) the Corizon Defendants were to file a status report. (ECF No. 57.) Additionally, Plaintiff was given a deadline by which to amend his then un-docketed response (*see* ECF No. 58). (ECF No. 57, PageID.346.)

On September 15, 2025, Chapman Law Group filed an update regarding the status of Plaintiff's opt-in request (*see* ECF No. 60), noting that Plaintiff was a subject of the May 16, 2025 motion to enjoin filed in the bankruptcy case (ECF No. 2160, *therein*) and suggesting that Plaintiff's opt-in or opt-out status would be

determined by the bankruptcy court, perhaps at the then forthcoming September 22, 2025 hearing in Case No. 23-90086 (Bankr. S.D. Tex.). Having glanced at the bankruptcy court docket, the Court notes the following:

- an August 7, 2025 decision and order (ECF No. 2374, *therein*), granting in part and denying in part the motion to enjoin and listing Plaintiff Beach's instant case among those "subject to another hearing at a date to be determined[,]" (*id.* [pp. 6, 12]);

- an audio file for a September 22, 2025 hearing (ECF No. 2474, *therein*);[2] and,

- an October 29, 2025 second decision, which listed Plaintiff Beach's instant case in an attached Exhibit 1 and stated, in relevant part: "The parties listed on Exhibit 1 to this Order were served an Opt-Out Release Form and are bound by the consensual third-party releases in the Plan. These parties are restrained and enjoined from taking any action to prosecute any causes of action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Released Party based on released Causes of Action (as such terms are defined in the Plan)." (ECF No. 2521 [pp. 14-15], *therein*).

On November 11, 2025, CHS TX, Inc. (*d/b/a* YesCare) filed a notice (ECF No. 2528, *therein*) to appeal the August 7, 2025 decision and order (ECF No. 2374, *therein*). This appeal has been assigned to District Judge Hanen in Case No. 25-cv-5414 (S.D. Tex.) (ECF No. 2533, *therein*). It does not appear that there has

---

[2] The docket of the bankruptcy matter indicates that, on October 7, 2025, Plaintiff filed a letter requesting the status of the September 22, 2025 hearing. (ECF No. 2504, *therein*.)

been an appeal of the October 29, 2025 second decision and order (ECF No. 2521).[3]

Plaintiff Beach has provided a copy of the November 12, 2025 Notice of Filing an Appeal (*see* ECF No. 62, PageID.438-439), and this Court's review of the docket in Case No. 25-cv-5414 (S.D. Tex.) indicates that, on December 5, 2025, Plaintiff Beach filed a motion for extension of time to file an appeal (*see* ECF No. 4, *therein*).

**E.     Plaintiff's December 5, 2025 second motion to extend (ECF No. 62)**

Also pending before this Court (in the instant matter) is Plaintiff's December 5, 2025 second motion to extend time to file an "amended complaint" (ECF No. 62), which requests a 90-day extension from December 2, 2026 to March 5, 2026. Plaintiff clearly mislabeled his motion.  Since the December 2, 2025 deadline to which he refers correlates with his previously established deadline for *responding to the motion* for stay (*see* 10/10/25 Text-Only Order), and since Plaintiff's instant request relies upon Fed. R. Civ. P. 6(b), rather than Fed. R. Civ. P. 15, and does not otherwise comply with E.D. Mich. LR 15.1 (*see* ECF No. 62, PageID.433), the

---

[3] By letters dated November 5, 2025, November 11, 2025, and November 25, 2025, Plaintiff sought the status of his administrative claim.  (*See* ECF Nos. 2532, 2542, 2550, *therein*).  Although Plaintiff references a claim filed on May 2, 2025, the Court has been unable to locate such a filing on the docket of the bankruptcy matter.

Court concludes that Plaintiff is seeking an extension of the *deadline to amend his response*, not to amend his pleadings.

**F.     Order**

Upon consideration of the aforementioned developments in Case No. 23-90086 (Bankr. S.D. Tex.), namely the motion to enjoin (ECF No. 2160, *therein*) and the related orders (ECF Nos. 2160, 2374, 2521, *therein*), one of which is the subject of a pending bankruptcy appeal in which Plaintiff has filed his own motion (*see* Case No. 25-cv-5414 (S.D. Tex.) (ECF No. 4, *therein*)), the Court **GRANTS** the Corizon Defendants' motion to stay (ECF No. 53) the instant matter.  Although Defendants' May 30, 2025 motion sought a stay until the bankruptcy court issued a ruling on the motion to enjoin (*see* ECF No. 53, PageID.273-274), which the bankruptcy court did in August 2025 and October 2025 (ECF Nos. 2374, 2521, *therein*), the related appeal and Plaintiff's own filing within that appeal remain pending.  Furthermore, the status of Plaintiff's alleged April 25, 2025 or May 2, 2025 administrative claim in the bankruptcy matter is unclear.  Thus, this Court cannot say yet that the Bankruptcy Court has issued an order permitting this lawsuit to continue.  (*See* ECF No. 53, PageID.276).  Accordingly, the Court **DENIES** Plaintiff's second motion to extend (ECF No. 62).

These rulings are **WITHOUT PREJUDICE** to any party requesting to lift the stay, whether following a determination about Plaintiff's ability to pursue the instant lawsuit or when otherwise appropriate.

**IT IS SO ORDERED.**[4]

Dated: December 15, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).